UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

DIANA TOLOZA and PORFIRIO EMICENTE, on behalf of themselves and all others similarly situated,

                                   Plaintiffs,

        -against-

FLORIDITA RESTAURANTS, INC. d/b/a LA FLORIDITA and RAMON DIAZ,

                                  Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

**COLLECTIVE AND CLASS ACTION COMPLAINT**

---------------------------------------------------------------------- X

       Plaintiffs Diana Toloza and Porfirio Emicente (together, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of defendants Floridita Restaurants, Inc. d/b/a La Floridita ("La Floridita") and Ramon Diaz (collectively with La Floridita, "Defendants"), allege:

## NATURE OF THE ACTION

       1.     Diana Toloza, Porfirio Emicente, and other servers, food runners, bussers and bartenders ("front-of-house employees")  employed by La Floridita were subjected to an unlawful payment scheme which failed to pay them the full minimum wage, failed to pay them overtime wages, failed to pay them spread-of-hours pay, and failed to give them proper wage notices as required by law.

       2.     Plaintiffs, on behalf of themselves and all others similarly situated, bring this action to recover unpaid minimum and overtime wages, unpaid spread-of-hours pay, statutory damages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29

U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337, and has supplemental jurisdiction

over Plaintiffs' claims under the NYLL and WTPA pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Southern District of New York under 28 U.S.C.

§ 1391 because the events giving rise to this Complaint occurred at La Floridita, which is

located and operated by Defendants at 2276 12th Avenue, New York, New York 10027,

in the Southern District of New York.

## THE PARTIES

**Plaintiff Diana Toloza**

5.      Diana Toloza ("Toloza") resides in Suffolk County, New York.

6.      Toloza was employed by Defendants from June 2018 to June 2, 2020 as a

server.

**Plaintiff Porfirio Emicente**

7.      Porfirio Emicente ("Emicente") resides in Bronx County, New York.

8.      Emicente was employed by Defendants from July 2019 to June 2, 2020 as a

food runner.

**Defendant Floridita Restaurants, Inc. d/b/a La Floridita**

9.      Floridita Restaurants, Inc. is a New York corporation that owns and

operates La Floridita, a well-known Harlem restaurant that has been serving Cuban

cuisine for more than 50 years.

10.     Floridita Restaurants, Inc. has employees engaged in interstate commerce

or in the production of goods for interstate commerce and handling, selling, or

otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

11.     Within the three years prior to the filing of this Complaint, Floridita Restaurants, Inc.  had an annual gross volume of sales of at least $500,000.

**Defendant Ramon Diaz**

12.     Ramon Diaz ("Diaz") is the owner of La Floridita.

13.     Diaz exercised sufficient control over La Floridita's operations to be considered Plaintiffs' employer under the FLSA and NYLL.

14.     Throughout Plaintiffs' employment, Diaz made personnel decisions at La Floridita, including disciplining employees, hiring and firing employees, setting wage rates, retaining time and/or wage records, and otherwise controlling the terms and conditions of their employment.

15.     Diaz hired Toloza and Emicente and decided their pay rates and work schedules.

16.     Diaz is identified as Chief Executive Officer of Floridita Restaurants, Inc. on the New York State Department of Corporations Entity Information webpage.

17.     Diaz is also identified as the principal of Floridita Restaurants, Inc. on the New York State Liquor Authority's Public Query Results webpage.

PLAINTIFFS' FACTUAL ALLEGATIONS

18.     From the start of Plaintiffs' employment through March 21, 2020, La Floridita was open for breakfast, lunch and dinner, seven days per week.

19.     The breakfast shift was scheduled to last from 8:00 a.m. to 11:00 a.m., the lunch shift was from 11:00 a.m. to 4:00 p.m., and the dinner shift was scheduled from 4:00 p.m. to 11:00 p.m.

20.     From March 22, 2020 through April 30, 2020 La Floridita was closed due to the COVID-19 pandemic.

21.     Upon reopening on May 1, 2020, La Floridita was open for take-out and delivery of lunch and dinner.  The lunch shift was from 11:00 a.m. to 4:00 p.m. and the dinner shift was from 4:00 p.m. to 9:00 p.m.

22.     There is no timeclock used in La Floridita to record the exact hours worked by employees.

23.     Employees are paid based on a pre-written schedule, not on the actual hours that they work.  For example, Toloza often arrived and began working 10-15 minutes before the start of her shift and had to stay past the end of her shift serving customers.  However, she would only be paid for her scheduled shift hours.

**Diana Toloza**

24.     Toloza worked as a server at La Floridita.

25.     Toloza was regularly scheduled to work five to seven days per week.

26.     Toloza's schedule changed from week to week but from June 2018 through March 21, 2020 she usually worked the breakfast and lunch shifts, from 8:00 a.m. to 4:00 p.m. or the dinner shift, from approximately 4:00 p.m. to 11:00 p.m. two to three days per week and then worked double shifts (lunch and dinner shifts) from approximately 11:00 a.m. to 11:00 p.m. the remainder of the week.  In total, Toloza worked about 50 to 76 hours per week.

27.     From May 1, 2020 through the end of her employment at La Floridita, Toloza was regularly scheduled to work four to five days per week from approximately 11:00 a.m. to 9:00 p.m., for a total of approximately 40 to 50 hours per week.

28.     From May 1, 2020 through June 2, 2020, a thirty-minute break was automatically deducted from Toloza's pay each day, even though she did not take any uninterrupted breaks during her workday.

29.     From the start of her employment through March 21, 2020, Toloza was paid in cash at a rate of $7.50 per hour for all hours worked, including hours over 40 per workweek.

30.     Starting in May 2020, Toloza was paid by check.

31.     From May 1 to 14, 2020, Toloza was paid $15.00 per hour for all hours worked, including hours over 40 in a workweek.

32.     From May 15, 2020 to June 1, 2020, Toloza was paid $10.00 per hour for all hours worked, including hours over 40 in a workweek.

33.     Toloza's last day of work was June 2, 2020.  She did not receive any compensation for her work on that day.

**Porfirio Emicente**

34.     Emicente worked as a food runner at La Floridita.

35.     Throughout his employment, Emicente regularly worked double shifts at La Floridita.

36.     From the start of his employment in July 2019 to approximately September 2019, Emicente regularly worked from approximately 11:00 a.m. to 11:00 p.m., five days per week, for a total of about 60 hours per week.

37.     From approximately September 2019 through the end of his employment, Emicente regularly worked from approximately 11:00 a.m. to 9:00 p.m., five days per week, for a total of about 50 hours per week.

38.     Throughout his employment, an hour-long break was automatically deducted from Emicente's pay even though he only took a break one to two times per week.

39.     From July 2019 to September 2019, Emicente was paid in cash at a rate of $7.50 per hour for all hours worked, including hours over 40 per workweek.

40.     From September 2019 through March 21, 2020, Emicente was paid in cash at a rate of $10.50 per hour for all hours worked, including hours over 40 per workweek.

41.     Starting in May 2020, Emicente was paid by check.

42.     From May 1 to 14, 2020, Emicente was paid $15.00 per hour for all hours worked, including hours over 40 in a workweek.

43.     From May 15, 2020 to June 2, 2020, Emicente was paid $10.00 per hour for all hours worked, including hours over 40 in a workweek.

44.     Other than during a two-week period in May 2020, Defendants failed to pay Plaintiffs and other front-of-house workers at La Floridita at least the statutory minimum wage for all hours worked.

45.     Defendants failed to pay Plaintiffs and other front-of-house workers at La Floridita overtime wages of one and one-half (1 ½) times the statutory minimum wage for hours worked over forty in a workweek.

46.     Defendants failed to pay Plaintiffs and other front-of-house workers at La Floridita spread-of-hours pay on days that their shifts spanned more than ten hours.

47.     Defendants failed to provide Plaintiffs and other front-of-house workers at La Floridita with accurate wage statements at the end of every pay period.

48.     Defendants did not provide Plaintiffs and other front-of-house workers at La Floridita with notices informing them of, *inter alia*, their rates of pay at their time of hire and whenever their rate of pay changed.

## COLLECTIVE ACTION ALLEGATIONS

49.     The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and similarly situated persons (*i.e.*, front-of-house workers) who were employed by La Floridita since at least July 2017 and who elect to opt into this action (the "FLSA Collective").

50.      The FLSA Collective consists of approximately thirty similarly situated current and former front-of-house workers, who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages and other pay.

51.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.  This policy and pattern or practice includes, *inter alia,* willfully failing to pay employees for all hours worked and failing to pay the statutory minimum wage and overtime wages due for all hours worked in excess of forty hours per workweek since July 2017.

52.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

53.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to Plaintiffs and the FLSA Collective.

54.     Plaintiffs and the FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to La Floridita, are readily

identifiable, and locatable through La Floridita's records.  These similarly situated

employees should be notified of and allowed to opt into this action, pursuant to 29

U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**

55.     The claims in this Complaint arising out of the NYLL are brought by

Plaintiffs under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves

and a class consisting of all similarly situated non-exempt employees (front-of-house

workers including servers, runners, busboys, bartenders), who work or have worked at

La Floridita since at least July 30, 2014 (the "Rule 23 Class").

56.     The employees in the Rule 23 Class are so numerous that joinder of all

members is impracticable.

57.     The size of the Rule 23 Class is at least fifty individuals, although the

precise number of such employees is unknown.  Facts supporting the calculation of that

number are presently within the sole control of Defendants.

58.     Defendants have acted or have refused to act on grounds generally

applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the Rule 23 Class as a whole.

59.     Common questions of law and fact exist as to the Rule 23 Class that

predominate over questions affecting them individually including, *inter alia,* the

following:

      a.  whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged herein;

      b.  whether Defendants failed to pay non-exempt employees at least the minimum wage rate for the first forty hours worked per week;

      c.  whether Defendants failed to pay non-exempt employees at the overtime rate for all time worked in excess of forty hours per week;

8

    d.  whether Defendants failed to provide non-exempt employees with accurate wage statements as required by the NYLL and WTPA;

    e.  whether Defendants failed to furnish the New York Rule 23 Class with wage notices; and

    f.  the nature and the extent of the class-wide injury and the measure of damages for those injuries.

60.    Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and the members of the Rule 23 Class work or have worked for Defendants since at least July 30, 2014.  They enjoy the same statutory rights under the NYLL to be paid at the overtime rate for all hours worked over forty in a workweek. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

61.    Plaintiffs and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

62.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

63.    Plaintiffs have retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

64.    There is no conflict between Plaintiffs and the Rule 23 Class members.

65.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the

financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

66.     This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

67.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

68.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiffs and the FLSA Collective.

69.     Plaintiffs and the FLSA Collective are employees within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

70.     Defendants were required to pay to Plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

71.     Defendants failed to pay Plaintiffs and members the FLSA Collective the minimum wages to which they are entitled under the FLSA.

72.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

73.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective suffered damages by being denied minimum wages in accordance with

the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

74.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

75.    Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed Plaintiffs and the Rule 23 Class.

76.    Defendants failed to pay Plaintiffs and members of the Rule 23 Class the minimum wages to which they are entitled under the NYLL.

77.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiffs and the Rule 23 Class minimum hourly wages.

78.    As a result of Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

79.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

80.    Defendants are required to pay Plaintiffs and the FLSA Collective one and one-half (1½) times their regular hourly rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq*.

81.     Defendants have failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

82.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages.

83.     Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**FOURTH CLAIM**
**(New York Labor Law – Unpaid Overtime)**

84.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

85.     Under the NYLL and supporting New York Department of Labor ("NY DOL") regulations, Defendants were required to pay Plaintiffs and the Rule 23 Class one and one-half (1½) times their regular rates of pay for all hours they worked in excess of forty.

86.     Defendants have failed to pay Plaintiffs and the Rule 23 Class the overtime wages to which they are entitled under the NYLL.

87.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class overtime wages.

88.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**FIFTH CLAIM**
**(NYLL – Failure to Pay Spread-of-Hours Wages)**

89.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

90.     Defendants failed to pay Plaintiffs and the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each workday that spanned more than ten hours.

91.     By Defendants' failure to pay Plaintiffs and the Rule 23 Class spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

92.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and liquidated damages.

**SIXTH CLAIM**
**(NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)**

93.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

94.     The NYLL and WTPA, as well as the NY DOL regulations, such as but not limited to 12 N.Y.C.R.R. Part 142, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

95.     In violation of NYLL § 195(1), Defendants failed to furnish Plaintiffs and the Rule 23 Class at the time of hiring, and whenever there was a change to rates of pay

with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law, in violation of the NYLL § 195(1).

96.     Due to Defendants' violation of NYLL § 195(1), Plaintiffs and the Rule 23 Class are entitled to recover from Defendants liquidated damages of $50 per workday that the violation occurred or persisted, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**SEVENTH CLAIM**
**(NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)**

97.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

98.     The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

99.     Defendants paid Plaintiffs and the Rule 23 Class without providing a wage statement at the end of every pay period accurately listing:  the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and

the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

100.    Due to Defendants' violation of NYLL § 195(3), Plaintiffs and the Rule 23 Class are entitled to recover from Defendants liquidated damages of $250 per workday that the violation occurred or persisted, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class respectfully request that this Court enter a judgment:

a.    certifying this case as a class action pursuant to Rule 23 for the class of employees described herein, certification of Plaintiffs as the class representatives, and designation of Plaintiffs' counsel as Class Counsel;

b.    authorizing the issuance of notice at the earliest possible time to all front-of-house employees who were employed by Defendants during the three years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

c.    declaring that Defendants have violated the minimum wage provisions of the FLSA, the NYLL, and NY DOL regulations;

d.    declaring that Defendants have violated the overtime provisions of the FLSA, the NYLL, and NY DOL regulations;

e.    declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

    f.  declaring that Defendants' violations of the FLSA and NYLL were willful;

    g.  awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class damages for unpaid minimum wages;

    h.  awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class damages for unpaid overtime wages;

    i.  awarding Plaintiffs and the Rule 23 Class damages for unpaid spread-of-hours wages;

    j.  awarding Plaintiffs and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish a notice at the time of hiring or whenever there was a change in their rates of pay, in violation of the NYLL and WTPA;

    k.  awarding Plaintiffs and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

    j.  awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

    k.  awarding Plaintiffs and the Rule 23 Class pre- and post-judgment interest under NYLL;

    l.  awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

       m.      awarding such other and further relief as the Court deems just and

proper.

Dated:  New York, New York
         July 30, 2020

                               PECHMAN LAW GROUP PLLC

                               By:      *s/Louis Pechman*
                                   Louis Pechman
                                   Laura Rodriguez
                                   488 Madison Avenue, Suite 1704
                                   New York, New York 10022
                                   pechman@pechmanlaw.com
                                   rodriguez@pechmanlaw.com
                                   (212) 583-9500
                                   *Attorneys for Plaintiffs, the Putative*
                                   *FLSA Collective, & the Rule 23*
                                   *Class*